Victor Viramontes*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
T: 213.629.2512
*vviramontes@maldef.org*
*jcastillo@maldef.org*

Sarah Schoettle*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
11 E. Adams Street, Suite 700
Chicago, IL 60603
T: 312. 427.0701
*sschoettle@maldef.org*

Burth López*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
1016 16th Street, Suite 100,
Washington, D.C. 20036
T: 202.572.0695
*blopez@maldef.org*

**Pro hac application to be filed*

Nathan Horsley
Mark Begnaud
HORSLEY BEGNAUD LLC
750 Hammond Drive, Building 12, Suite 300
Atlanta GA 30328
T: 770.765.5559
Nhorsley@gacivilrights.com
Mbegnaud@gacivilrights.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Elly Marisol Estrada, an individual;
Salvador Alvarado, an individual;
Diana Umana, an individual;
Plaintiffs,
v.

MARK BECKER, President of Georgia State University, in his individual and official capacity; STEVE MICHAEL DORMAN, President of Georgia College and State University, in his individual and official capacity; BROOKS A. KEEL, President of Augusta University, in his individual and official capacity; JERE

CASE NO.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

W. MOREHEAD, President of the University of Georgia, in his individual and official capacity; and G.P. "BUD" PETERSON, President of the Georgia Institute of Technology, in his individual and official capacity; HANK M. HUCKABY, Chancellor of the Board of Regents of the University System of Georgia, in his individual and official capacity; C. DEAN ALFORD, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; W. PAUL BOWERS, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; LORI DURDEN, former member of the Board of Regents of the University System of Georgia, in her individual and official capacity; LAURA MARSH, member of the Board of Regents of the University System of Georgia, in her individual and official capacity; LARRY R. ELLIS, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; RUTLEDGE A. GRIFFIN, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; C. THOMAS HOPKINS, Jr., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; JAMES M. HULL, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DONALD M. LEEBERN, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DOREEN STILES POITEVINT, member of the Board of Regents of the University System of Georgia, in her individual and official capacity; NEIL L. PRUITT, JR, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; SACHIN SHAILENDRA, member of the Board of Regents of the University System of Georgia, in his individual and official

capacity; E. SCOTT SMITH, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; KESSEL D. STELLING, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; BENJAMIN J. TARBUTTON, III, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; RICHARD L. TUCKER, SR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; THOMAS ROGERS WADE, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; LARRY WALKER, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DON L. WATERS, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; PHILIP A. WILHEIT, SR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity;

## INTRODUCTION

1. This action challenges Defendants' policy of denying admission to certain institutions of the University System of Georgia to non U.S. citizens who are lawfully present in the United States under a grant of deferred action.

2. Defendants deny deferred action holders admission to all University System of Georgia institutions that did not admit all academically qualified candidates for the two prior academic years. Specifically, Defendants bar deferred

action holders from consideration for admission to the state's flagship institutions: the University of Georgia, the Georgia Institute of Technology, Georgia College and State University, Georgia State University, and Augusta University.

3. Deferred action holders, who receive federal permission to remain in the United States for a period of authorized stay, are not subject to removal during that period, and may receive federal work authorization.

4. Defendants' acts violate the Fourteenth Amendment Equal Protection Clause of the United States Constitution because they bar deferred action holders from admission to the specified institutions without legitimate justification.

5. Defendants' acts also violate the Supremacy Clause of the United States Constitution because they intrude on the federal government's exclusive power over immigration regulation and are preempted by federal immigration law.

6. Plaintiffs seek declaratory and injunctive relief against all Defendants in their official capacities.

7. Plaintiffs seek compensatory damages for damages resulting from emotional harms against individual defendants in their individual capacities.

8. Plaintiff Savannah Undocumented Youth Alliance (SUYA) is a membership organization with members who have deferred action. SUYA's deferred action members are prevented from attending Georgia's flagship public

schools in the University System of Georgia because of Defendants' policies that deny deferred action holders admission to undergraduate and graduate programs.

9. Plaintiff **Elly Marisol Estrada** is a deferred action holder who is qualified to and wishes to apply to Georgia State University, the University of Georgia, Georgia College and State University, Augusta University, and/or the Georgia Institute of Technology. She is barred from admission to the selective institutions by Defendants' policy.

10. Plaintiff **Salvador Alvarado** is a deferred action holder who is qualified to and wishes to apply to Georgia State University, the University of Georgia, Georgia College and State University, Augusta University, and/or the Georgia Institute of Technology. He is barred from admission to the selective institutions by Defendants' policy.

11. Plaintiff **Diana Umana** is a deferred action holder who is qualified to and wishes to apply to Georgia State University, the University of Georgia, Georgia College and State University, Augusta University, and/or the Georgia Institute of Technology. She is barred from admission to the selective institutions by Defendants' policy.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution. The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in this district under 28 U.S.C. § 1391(b). All Defendants are sued in their individual and official capacities and most have official places of business located within this District. Additionally, a substantial part of the events giving rise to this Complaint occurred within this District.

## PARTIES

### Plaintiffs

14. Plaintiff SUYA is a student-run organization based in Savannah Georgia, formed in response to Defendants' policies and actions that have made it more difficult for individuals of all immigration classifications to receive higher education. SUYA accomplishes this mission by planning, organizing and executing actions to raise awareness about the Regents' policies. Its mission includes educating and raising community awareness about issues affecting the lives of immigrant and undocumented youths in Georgia and throughout the United States. SUYA's deferred action holders, who are members, are prevented from attending Georgia's flagship public schools in the University System of Georgia

because of Defendants' policies that deny them admission as undergraduate and graduate students.

15. Plaintiff **Elly Marisol Estrada** is a deferred action holder and a graduate of a Georgia high school. She is currently attending Armstrong State University, a University System of Georgia institution. She has been classified as not "lawfully present" according to Defendants' policies. She is barred from transferring to the selective institutions the University of Georgia, Georgia College and State University, Augusta University, Georgia State University, and the Georgia Institute of Technology because of this classification, and except for this classification, she is eligible for admission to and wishes to attend these selective institutions. As a result of Defendants' policies, she has been barred from these selective institutions and has had to remain in a less prestigious University System of Georgia institution.

16. Plaintiff **Salvador Alvarado** is a deferred action holder and a Georgia high school graduate. He is an incoming first-year student at Dartmouth College in Hanover, New Hampshire. Plaintiff Alvarado has been classified as not "lawfully present" according to Defendants' policies. He is barred from admission to the selective institutions the University of Georgia, Georgia College and State University, Augusta University, and the Georgia Institute of Technology because

of this classification, and except for this classification, he is eligible for admission to and wishes to attend these selective institutions. As a result of Defendants' policies, he has been barred from these selective institutions, has had to delay his enrollment in undergraduate studies and apply to out-of-state universities at personal expense, and has had to leave the state of Georgia to obtain a comparably prestigious college education.

17. Plaintiff **Diana Umana** is a deferred action holder and a graduate of a Georgia high school. She is currently attending Smith College in Northampton, Massachusetts. She has been classified as not "lawfully present" according to Defendants' policies. She is barred from transferring to the selective institutions the University of Georgia, Georgia College and State University, Augusta University, Georgia State University, and the Georgia Institute of Technology because of this classification, and except for this classification, she is eligible for admission to and wishes to attend these selective institutions. As a result of Defendants' policies, she has been barred from these selective institutions and has had to leave the state of Georgia to obtain a comparably prestigious college education.

**Defendant Presidents**

18. Defendant Mark Becker is the President of Georgia State University. As President, Defendant Becker is the executive head of Georgia State University and oversees and directs all its departments. Defendant Becker is responsible for the implementation of all Board of Regents Policies at Georgia State University, including the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

19. Defendant Steve Michael Dorman is the President of Georgia College and State University. As President, Defendant Dorman is the executive head of Georgia College and State University and oversees and directs all its departments. Defendant Dorman is responsible for the implementation of all Board of Regents Policies at Georgia College and State University, including the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

20. Defendant Brooks A. Keel is the President of Augusta University. As President, Defendant Keel is the executive head of Augusta University and oversees and directs all its departments. Defendant Keel is responsible for the implementation of all Board of Regents Policies at Augusta University, including

the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

21. Defendant Jere W. Morehead is the President of the University of Georgia. As President, Defendant Morehead is the executive head of the University of Georgia and oversees and directs all its departments. Defendant Morehead is responsible for the implementation of all Board of Regents Policies at the University of Georgia, including the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

22. Defendant G. P. "Bud" Peterson is the President of the Georgia Institute of Technology. As President, Defendant Peterson is the executive head of the Georgia Institute of Technology and oversees and directs all its departments. Defendant Peterson is responsible for the implementation of all Board of Regents Policies at the Georgia Institute of Technology, including the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

**Defendant Members of the Board of Regents**

23. Defendant Hank M. Huckaby is the Chancellor of the Board of Regents. In his capacity as Chancellor, Defendant Huckaby oversees, manages, and directs the public postsecondary institutions of the University System of Georgia.

Defendant Huckaby is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

24. Defendant Philip A. Wilheit, Sr., is a member of the Board of Regents. In his capacity as a member, Defendant Wilheit oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Wilheit is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

25. Defendant Don L. Waters is a member of the Board of Regents. In his capacity as a member, Defendant Waters oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Waters is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

26. Defendant Larry Walker is a member of the Board of Regents. In his capacity as a member, Defendant Walker oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Walker is responsible for executing, applying, and enforcing the policy of denying

admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

27. Defendant Thomas Rogers Wade is a member of the Board of Regents. In his capacity as a member, Defendant Wade oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Wade is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

28. Defendant Richard L. Tucker, Sr., is a member of the Board of Regents. In his capacity as a member, Defendant Tucker oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Tucker is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

29. Defendant Benjamin J. Tarbutton, III, is a member of the Board of Regents. In his capacity as a member, Defendant Tarbutton oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Tarbutton is responsible for executing, applying, and enforcing

the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

30. Defendant Kessel D. Stelling, Jr., is a member of the Board of Regents. In his capacity as a member, Defendant Stelling oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Stelling is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

31. Defendant E. Scott Smith is a member of the Board of Regents. In his capacity as a member, Defendant Smith oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Smith is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

32. Defendant Saching Shailendra is a member of the Board of Regents. In his capacity as a member, Defendant Shailendra oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Shailendra is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

33. Defendant Neil L. Pruitt, Jr., is a member of the Board of Regents. In his capacity as a member, Defendant Pruitt oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Pruitt is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

34. Defendant Doreen Stiles Poitevint is a member of the Board of Regents. In her capacity as a member, Defendant Poitevint oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Poitevint is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

35. Defendant Donald M. Leebern, Jr., is a member of the Board of Regents. In his capacity as a member, Defendant Leebern oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Leebern is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

36. Defendant James M. Hull is a member of the Board of Regents. In his capacity as a member, Defendant Hull oversees, manages, and directs the public

postsecondary institutions of the University System of Georgia. Defendant Hull is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

37. Defendant C. Thomas Hopkins, Jr., is a member of the Board of Regents. In his capacity as a member, Defendant Hopkins oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Hopkins is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

38. Defendant Rutledge A. Griffin, Jr., is a member of the Board of Regents. In his capacity as a member, Defendant Griffin oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Griffin is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

39. Defendant Larry R. Ellis is a member of the Board of Regents. In his capacity as a member, Defendant Ellis oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Ellis is

responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

40. Defendant Lori Durden is a former member of the Board of Regents. In her capacity as a member, Defendant Durden oversaw, managed, and directed the public postsecondary institutions of the University System of Georgia. Defendant Durden was responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

41. Defendant Laura Marsh is a member of the Board of Regents. In his capacity as a member, Defendant Bowers oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Marsh is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

42. Defendant W. Paul Bowers is a member of the Board of Regents. In his capacity as a member, Defendant Bowers oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Bowers is responsible for executing, applying, and enforcing the policy of denying

admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

43. Defendant C. Dean Alford is a member of the Board of Regents. In his capacity as a member, Defendant Alford oversees, manages, and directs the public postsecondary institutions of the University System of Georgia. Defendant Alford is responsible for executing, applying, and enforcing the policy of denying admission to deferred action holders under Board of Regents Policies 4.1.6 and 4.3.4.

44. All defendants bar deferred action holders from admission to University System institutions covered by Policy 4.1.6.

## FACTUAL BACKGROUND

### Defendants' Illegal Acts

45. Federal immigration law authorizes the Department of Homeland Security to grant deferred action to noncitizens living in the United States. Deferred action holders are authorized to remain in the United States during a period of stay specified by the Department of Homeland Security. Deferred action holders may be eligible to receive employment authorization that permits them to legally work in the United States during their authorized stay.

46. Under Georgia law, Members of the Board of Regents of the University System of Georgia "shall set forth, or cause to be set forth, policies regarding postsecondary benefits that comply with all federal law. . . ." O.C.G.A. § 50-36-1(d)(7).

47. Pursuant to their authority, Defendant Members of the Board of Regents implemented policies addressing noncitizens' eligibility for admission to University System institutions, including policies 4.1.6 and 4.3.4.

48. Policy 4.1.6 directs that "[a] person who is not lawfully present in the United States shall not be eligible for admission to any University System institution which, for the two most recent academic years, did not admit all academically qualified applicants[.]" Policy 4.1.6 currently applies to the University of Georgia, the Georgia Institute of Technology, Georgia College and State University, Georgia State University, and Augusta University.

49. Policy 4.3.4 requires that "[e]ach University System institution shall verify the lawful presence in the United States . . . of every person admitted to an institution referenced in 4.1.6 of this Policy Manual."

50. Defendant Members of the Board of Regents have determined that deferred action holders are not considered lawfully present in the United States. Defendants have issued guidelines that require University System of Georgia

Institutions to comply with this opinion in their verification of lawful status under policies 4.1.6 and 4.3.4.

51. Defendant Members of the Board of Regents refuse to admit deferred action holders who are otherwise eligible for admission to institutions covered by Policy 4.1.6 because they classify deferred action holders as not lawfully present in the United States.

52. Defendant Presidents refuse to admit deferred action holders who are otherwise eligible for admission to institutions covered by Policy 4.1.6 because they classify deferred action holders as not lawfully present in the United States.

53. Individual Plaintiffs and SUYA members are deferred action holders who are denied admission and transfer admission to institutions covered by Policy 4.1.6 although they are lawfully present in the United States.

54. Defendants illegally burden Individual Plaintiffs and SUYA members by denying them equal protection under the law. Defendants' policies treat Plaintiffs disparately from similarly situated individuals who are lawfully present under federal law without valid justification.

55. Defendants impose immigration-related burdens when they misclassify deferred action holders as not lawfully present in the United States.

56. Plaintiffs suffer irreparable harm.

**FIRST CLAIM FOR RELIEF**
**(Equal Protection Clause, Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

57. Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs as though fully set forth here.

58. Under the Fourteenth Amendment of the United States Constitution, "[no] State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

59. Defendants violate the Equal Protection Clause of the Fourteenth Amendment when they bar deferred action holders from admission to University System institutions covered by Policy 4.1.6.

60. Defendants' practice allows individuals lawfully present in the United States who are similarly situated to deferred action holders to be admitted at the University System of Georgia institutions covered by Policy 4.1.6, but denies deferred action holders admission to the same institutions without valid justification. Noncitizens, including but not limited to refugees, parolees, and asylees, who are correctly classified as lawfully present in the United States, are similarly situated to Plaintiffs, deferred action holders, who are lawfully present.

61. Individual Plaintiffs seek emotional distress damages from Defendants in their individual capacities for Defendants' policy and practice, which violates the

Equal Protection Clause of the 14th Amendment by banning Plaintiffs from Georgia's top-level institutions, which has caused emotional distress.

62. Plaintiffs seek injunctive and declaratory relief against Defendants in their official capacities under 42 U.S.C. § 1983 to enjoin their violations of the Fourteenth Amendment Equal Protection Clause.

63. Defendants' practice cannot survive constitutional scrutiny.

**SECOND CLAIM FOR RELIEF**
**(Supremacy Clause, Article VI, Clause 2, of the United States Constitution and 42 U.S.C. § 1983)**

64. Under the Supremacy Clause, Article VI, Clause 2 of the United States Constitution, the U.S. "Constitution and the Laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land."

65. Under the Supremacy Clause, federal law preempts state law where state law conflicts with, frustrates, or serves as an obstacle to federal law.

66. Additionally, the Supremacy Clause preempts state law where the Constitution or Congress expressly or impliedly establishes exclusive federal authority. The Constitution, Article I, Section 8 provides that "[t]he Congress shall have power . . . [t]o establish an uniform Rule of Naturalization." The Supremacy Clause reserves exclusive authority over the regulation of immigration to the federal government.

67. Defendants' misclassification of deferred action holders as unlawfully present in the United States conflicts with federal law including the Immigration and Nationality Act and is thus preempted.

68. Defendants' misclassification of deferred action holders as unlawfully present in the United States is field preempted by federal law, including the Immigration and Nationality Act.

69. Defendants' misclassification of deferred action holders as ineligible for admission to University System of Georgia institutions conflicts with, frustrates, and serves as an obstacle to federal immigration law, including the Immigration and Nationality Act, goals, and policies and is thus preempted.

70. Plaintiffs seek injunctive and declaratory relief against Defendants in their official capacities directly under the United States Constitution as well as 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. A preliminary and permanent injunction against Defendants in their official capacities enjoining Defendants, their officials, agents, employees, assigns, and all persons acting in concert or participating with them from

implementing or enforcing the state's policy and practice of barring admission of deferred action holders to University System institutions;

B. A declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants' policy and practice of barring admission of deferred action holders to University System of Georgia institutions is unlawful and invalid;

C. An order awarding Plaintiffs damages against Defendants in their individual capacities for, compensatory and economic harm, emotional distress, costs of suit, and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

D. Such other and further relief as the Court deems equitable, just, and proper.

Dated this 17th day of October, 2016 by

*Attorneys for Plaintiffs*

Mark Begnaud
Georgia Bar No. 217641
markbegnaud@hotmail.com

Nathanael A. Horsley
Georgia Bar No. 367832
nhorsleylaw@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I electronically filed the foregoing PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES with the Clerk of Court using the CM/ECF system and that I served the same on the following by ECF and/or by placing a copy in the United States Mail with adequate postage to ensure delivery:

Deborah Nolan Gore
Attorney General's Office-Atl
40 Capitol Square, SW
Atlanta, GA 30334
404-463-8850
dgore@law.ga.gov

Devon Orland
Office of State Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
404-463-8850
dorland@law.ga.gov

Date: October 17, 2016

*/s/ Mark Begnaud*
Mark Begnaud